UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Jennifer Lynette Rawlings, Pro Se,

Plaintiff

V.

Lockton Affinity, LLC, including all subsidiaries and agents operating under Lockton Companies, LLC. (Lockton Affinity Insurance Company of America, et la.,)

Entity Type: Limited Liability Company, State of Formation: Missouri

Kansas Foreign Registration, Principal Place of Business: 10895 Lowell Ave, Suite 300, Overland Park, KS 66210

Defendant

COMPLAINT:

(Relation Back Under FRCP 15(c))


Concise Statement of Action and Claim:

**Statement of Facts on February 6, 2023, Plaintiff sustained severe chemical injuries during a cosmetic eyelash procedure performed at T&L ALASHS LLC, doing business as Amazing Lash Studio, in Overland Park, Kansas. The technician applied an unidentified**

1

**chemical substance directly into Plaintiff's bilateral orbital region, causing immediate burning and pain. Plaintiff promptly stated that the substance entered her eyes and specifically asked whether it was dangerous; the technician replied "no." Rather than perform the limited touch-up service requested, the technician proceeded—without consent—to remove and replace all lashes, leaving the unidentified chemical in contact with the eyes. Plaintiff remained supine and incapacitated behind a closed door throughout the procedure. As a direct result, Plaintiff experienced a catastrophic, multisystem toxic injury with permanent medical impact. The incident has been referred to the Kansas Attorney General's Office for investigation. Plaintiff also documented contemporaneous injury to her animal and property damage occurring before and after the February 2023 event, which may bear on motive, bias, or related contextual evidence.**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction), which grants federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The claims in this action arise under the Jurisdiction and Venue allow This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 through 1968. The Court also has authority to grant relief under its supplemental and equitable powers pursuant to 28 U.S.C. §§ 1343 and 2201 et seq.

Events of February 6, 2023 – Toxic Exposure:

On February 6, 2023, plaintiff returned for a touch-up at Amazing Lash Franchise, 13312

2

Metcalf Ave, Overland Park, KS (T&L ALASHS, LLC). Technician Abby Drinkard, without permission, removed and replaced all eyelashes, despite the plaintiff being present solely for minor touch-up services. A large amount of toxic product was injected into plaintiff's bilateral orbital region, causing acute burning and pain, which she timely reported to the technician. Upon inquiring if the exposure was dangerous, plaintiff was falsely assured by the technician that it was not dangerous, and no remedial action was taken.

**DUTIES AND BREACHES:**

| Statute / Regulation | Requirement (Duty) | Breach / Criminal Liability |
|---|---|---|
| 15 U.S.C. § 45(a) – FTC Act | Prohibits unfair or deceptive acts; brokers cannot conceal or misrepresent coverage | Continuing to operate uninsurably or deceptively is an unfair practice subject to injunction or civil penalty |
| 15 U.S.C. § 2601 et seq. – Toxic Substances Control Act (TSCA) | Requires reporting and prevention of chemical injury dealings | Failing to report toxic harm and continuing client services unlawfully triggers EPA enforcement |
| 29 U.S.C. § 654(a) – OSHA General Duty Clause | Employers must ensure safe use of chemicals | Brokers approving unlawful "closed-suite" business models breached this federal safety duty |
| 21 U.S.C. §§ 361–362 – FDCA (MoCRA 2022 update) | Cosmetic product safety, labeling, and adverse-event reporting duties | Concealment of toxic products constitutes misbranding and federal violation |
| 36 O.S. § 1435.26 (2024) – State Insurance Producer Statute | Declares it a felony for brokers or agents to operate unlawfully or after losing authorization | Engaging in uninsurable or revoked brokerage business constitutes a criminal act punishable by imprisonment or fine |

First Application & Touch-up Appointment:

The plaintiff's first eyelash extension appointment in her life occurred on February 3, 2023. She instructed the technician to stagger application for a natural look, rejecting the artificial appearance observed on others. After this appointment, only a small amount of moisture caused minimal lash loss.

The franchise computer system contains documentation showing intentional, premeditated

fabrication of service notes and a false claim of "bunched lashes," including the technician false claim that she attempted to separate lashes, supporting claims of a false narrative, frantically impossible, reflecting negligence and malfeasance.

Photographic forensic evidence shows lashes post-assault were straight across with no natural staggering.

Amazing Lash failed to Disclose Product Ingredients and Report Injury – Legal Violation shortly after the toxic assault, the plaintiff returned to the Amazing Lash Franchise location and requested photographs of ingredients, (evidence of the products used so her treating physician, Dr. Neha Patel, could determine proper medical care).

The franchise manager and owner refused to disclose the ingredients or labeling information, violating both Kansas and federal law regarding transparency, safety, and client injury reporting. Under Kansas Administrative Regulation § 69-12-9 and § 69-15-24.

DUTY:

Kansas and federal law regarding transparency, safety, and client injury reporting. Under Kansas Administrative Regulation § 69-12-9 and § 69-15-24

Cosmetology establishments must ensure all chemicals are correctly labeled and made accessible for inspection; all bottles and containers must disclose their contents, and practitioners may not conceal product identity when an adverse incident has occurred. The Kansas Board of Cosmetology specifically mandates that salons protect public health through transparency, proper labeling, and documentation of any injuries or reactions, reporting such incidents to the appropriate authorities under K.A.R. 26-52-28 within 12 hours of occurrence.

Furthermore, under the Fair Packaging and Labeling Act (FPLA) and the Modernization of Cosmetics Regulation Act of 2022 (MoCRA), all beauty and personal care product handlers must

4

maintain transparency in disclosure of ingredients and ensure consumers can identify the components used in any service that led to injury.

Breach:

Concealing product information or refusing to provide ingredient data following a toxic exposure obstructs lawful medical treatment and constitutes misbranding or adulteration under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 361–362).Because the salon knowingly failed to document the exposure, refused ingredient transparency, and ignored its statutory duties under Kansas law and federal consumer protection regulations, these acts constitute criminal negligence and violation of both state and federal regulatory statutes designed to protect public safety.

The manager & owner's acknowledgment of a crisis and managers proposal to have lashes removed or self-treated with olive oil further substantiates awareness of harm and triggers mandatory reporting duties under K.A.R. 26-52-28(b)(5), governing "serious injury" including burns and internal harm.

Criminal Business Model & Lockton Affinity Liability:

The Amazing Lash business model involves closed suites, client incapacitation, and use of toxins near the eyes, constituting prohibited and criminal conduct per federal agency statutes and guidelines.

Lockton Affinity, LLC is directly liable, having acted with systemic breach of duty as the preferred insurance broker and gatekeeper for Amazing Lash Franchise and WellBiz Brands, Inc.

## DUTIES AND BREACHES

| Law / Agency. | Duty | (Required Action). Breach (Failure and Criminality) | Statutory / Regulatory Citation |
|---|---|---|---|
| Toxic Substances Control Act (TSCA) – U.S. EPA | Requires documentation, assessment, and reporting of toxic chemical exposures impacting consumers; mandates immediate notice of injury or hazard to EPA and state health authorities | Failure to notify EPA or Kansas environmental health authorities within statutory deadlines after toxic assault constitutes a violation of TSCA §§ 8(e) and 15 U.S.C. § 2614, punishable by civil and criminal penalties | 15 U.S.C. § 2601 et seq. |
| Federal Food, Drug, and Cosmetic Act (FDCA) – FDA | Mandates clear ingredient disclosure, consumer transparency, and immediate reporting under adverse event provisions; requires cosmetic establishments to maintain full labeling/ingredient access for medical redress | Refusal to provide ingredient information, labels, or medical transparency violates 21 U.S.C. §§ 361–362, 21 CFR 720.4, and MoCRA § 607, constituting "misbranding" and "obstruction of investigation" | 21 U.S.C. § 361, § 362; Public Law 117-328 (MoCRA 2022) |
| Occupational Safety and Health Act (OSHA) – U.S. DOL | Requires safe work environments, chemical hazard labeling, and employee/public safety under General Duty Clause | Use of unsafe adhesives near orbital tissue without toxicity disclosure or oversight violates 29 U.S.C. § 654(a)(1) and 29 CFR 1910.1200 (Hazard Communication Standard) | 29 U.S.C. § 654, 29 CFR 1910.1200 |
| Federal Trade Commission Act (FTC) – FTC | Prohibits unfair, unsafe, and deceptive trade practices; requires truthful advertising and consumer protection disclosures; mandates correction upon complaint | Concealing chemical hazards, falsifying client service notes, and misrepresenting safe products after injury constitute unfair and deceptive practices under 15 U.S.C. § 45(a) | 15 U.S.C. § 2064(b)–(e) |
| Consumer Product Safety Act (CPSA) – CPSC | Requires immediate reporting of consumer injury or death, imminent hazards, or potential chemical harm; mandates notice within 24 hours and full investigation within 45 days | No notification to CPSC despite known toxic injuries constitutes a criminal failure to report under 15 U.S.C. § 2064(b) | 15 U.S.C. § 2064(b)–(e) |

6

| ERISA Transparency Amendment (Consolidated Appropriations Act of 2021) – DOL / Lockton Duty | Imposes fiduciary disclosure obligations on brokers and consultants within 90 days of a written request or notice of potential harm involving a covered plan; Lockton must disclose risk assessments, compensation arrangements, and all client safety-related relationships or fiduciary breaches | Failure to initiate inquiry or respond within 45–90 days constitutes a breach of fiduciary duty under ERISA § 406 and 29 U.S.C. § 1106, plus CAA § 202(a) expanding these duties to health and consumer safety programs | 29 U.S.C. § 1106, Consolidated Appropriations Act of 2021 § 202(a) |
|---|---|---|---|
| Kansas Administrative Regulations – Kansas Board of Cosmetology & State Health Department | Requires labeling of all chemicals, written documentation of adverse incidents, notification of injury within 12 hours, and consumer access to product identity on request | Failure to document, report, or disclose ingredients violates K.A.R. 26-52-28, K.A.R. 69-12-9, and K.A.R. 69-15-24, constituting misdemeanor misconduct and state health code violations | K.A.R. 26-52-28; K.A.R. 69-15-24 |
| RICO – Racketeer Influenced and Corrupt Organizations Act | Establishes treble damage remedy for patterns of fraud, concealment, and conspiracy among corporate entities engaging in repeated criminal business acts | Fraudulent concealment of toxic harm, failure to report to federal authorities, and falsification of records to maintain an illegal closed-suite model constitutes racketeering activity under 18 U.S.C. § 1962(c) and is actionable for treble damages | 18 U.S.C. § 1962, 18 U.S.C. § 1964© |
| Federal Whistleblower Protection and Retaliation Statutes | Require nondiscrimination against consumers reporting safety issues under EPA, OSHA, and FTC programs | Failure to respond after formal verbal legal notice in 2023 constitutes retaliation and procedural concealment, violating 29 CFR 1980.102 and 15 U.S.C. § 2087 | 15 U.S.C. § 2087, 29 CFR 1980.102 |

Potential Pattern of Persecution:

The animal crimes before and after the chemical injury potential acts of Christian Discrimination that traumatized Plaintiffs underage child, may fit criteria for classification as an act of Discrimination under state and federal standards.

Premeditation and Documentation Forgery:

The fabricated notes in Amazing Lash's records, premeditated alterations to service descriptions, and misrepresentation of the nature of plaintiff's requested services (touch-up only) must be documented as evidence of intentional malfeasance and deception, confirmed for review with the Kansas Board of Cosmetology.

Summary:

The above acts—catastrophic toxic exposure, criminal and negligent business practices, systemic insurance failures, ritualistically-timed animal torture, neglect by local law enforcement, and Christian-targeted hate crime elements—are each documented and relevant for potential acts of Discrimination.

Two Years After Verbal Legal Notice – Verified Compliance Failures)

Federal Crime and Fiduciary Breach Summary after the verbal legal notice in summer 2023, Lockton Affinity, LLC, located within 3 miles of the Overland Park franchise, had a federal fiduciary duty to investigate, document, and notify every relevant federal and Kansas agency (EPA, FDA, CPSC, FTC, OSHA, KS Board of Cosmetology, U.S. DOL, and KBI) within the

statutory 45- to 90-day window☐☐. Lockton's failure to investigate, disclose risk, or contact the Plaintiff constitutes a systemic breach of fiduciary, statutory, and consumer protection duties that elevates to criminal liability under the RICO Act, TSCA, and CPSA for obstruction, suppression of public safety information, and maintaining an inherently illegal business model that caused catastrophic chemical harm. Each governing agency imposes a mandatory investigative window (24 to 45 days under CPSA, 90 days under ERISA disclosure rules, and immediate reporting under TSCA and OSHA). Their breach of every such timeline, despite known material injury, demonstrates deliberate concealment and ongoing criminal enterprise exposure subject to treble damages and federal enforcement under 18 U.S.C. § 1964(c).

BREACH:

Lockton Affinity failed to reassess risk, halt coverage, notify authorities/regulators, or disallow continued insurance/expansion of this model, despite immediate legal duty and abundant industry guidance.

Multiple pleadings and responses to Lockton's motion to dismiss were submitted in July 2025—but not accepted or considered due to technicalities—amounting to deprivation of constitutional rights, due process, and pro se protection under Haines v. Kerner, 404 U.S. 519 (1972).

Additional Legal Duties and Violations of Lockton Affinity, LLC

DUTY:

Federal & State Duties as Insurance Broker Duty to assess, communicate, monitor, and halt coverage for illegal, uninsurable business practices (FTC Act, 15 U.S.C. § 45; FTC Franchise Rule, 16 CFR 436; TSCA, 15 U.S.C. § 2601 et seq.; OSHA, 29 U.S.C. § 654(a); K.S.A. § 40-2404).

DUTY:

Act on constructive and actual notice of catastrophic injury, especially given proximity (within 3 miles), industry gatekeeping role, and reliance doctrine. Duty to advise and protect consumers from catastrophic and ongoing harm linked to criminal enterprise/uninsurable model; failure constitutes aiding and abetting, insurance fraud, bad faith, and deprivation of rights (42 U.S.C. § 1983).Breach by Lockton Affinity, LLC.

BREACH:

Willfully allowed expansion and greenlighted underwriting of a manifestly illegal, uninsurable business (closed rooms, "" incapacitated client"" & toxins near the eyes, no oversight)—enabled continued catastrophic risk and injury.

BREACH:

Failed to act, investigate, intervene, or halt unlawful business practices after VERBAL LEGAL NOTICE; continued extracting premiums, in violation of every consumer protection and insurance law.

Facilitated document falsification, cover-ups, and denied access to compensatory funds. Denied Plaintiff's constitutional access to due process by systematically ignoring and failing to accept multiple pro se claims under the spirit and substance of Haines v. Kerner.

Cause of Action (440 Civil Rights—Other (42 U.S.C. § 1983—constitutional deprivation, denial of due process and medical redress)

470 Racketeer Influenced & Corrupt organization.

Prayer for Relief judgment in excess of $3 Billion for lifelong catastrophic care, loss, pain, suffering, and treble/punitive damages. Immediate injunctive relief—compelling payment of

emergent care funding for scientific diagnostics and international rehabilitation.

Permanent injunction—disallowing Lockton Affinity from underwriting uninsurable closed-suite/ incapacitated clients with toxic substances near eyes and prevent ongoing criminal business model.

Full costs, and declaratory relief.

Relation Back: All claims relate back to the original January 2025 complaint to preserve statute of limitations rights.

Additional Legal Argument The conduct of Lockton Affinity, LLC—by systematically enabling, marketing, and underwriting uninsurable, unlawful business operations—constitutes:

Civil Conspiracy insurance Fraud violations of every cited federal and Kansas statute/regulation (FTC Act, TSCA, OSHA, Kansas Insurance law).

Constitutional rights deprivation, consumer endangerment, and aiding/abetting ongoing crimes against Plaintiff and the public. Every pleading, motion, and submission against Lockton is protected under Haines v. Kerner for pro se procedural leniency and must be accepted as filed.

This complaint is federally actionable, relates back under FRCP 15(c), comprises all previously filed facts, and complies with all Kansas local rules and cover sheet requirements.

Lockton knew or should have known the franchise/brokerage was uninsurable and criminal by industry and the federal standards below; "relation back" attaches all claims to the January 2025 filing.

Both federal and Kansas law toll the statute of limitations for lawsuits when a business (1) acts as a continuing illegal enterprise or (2) conceals its fraudulent activity from the public. Under Holmberg v. Armbrecht and K.S.A. 60-513(b), time to sue does not begin until the illegality ceases or is reasonably discoverable. This means that as long as the brokerage or franchise continues

to operate in violation of federal law, the limitations period is tolled and a new claim may be timely filed once the concealment or operation ends.

| Law/Agency | Requirement | Applicability |
|---|---|---|
| TSCA, 15 U.S.C. § 2601 et seq. | Oversight, documentation, and safety for toxic substances—no closed-door incapacitated exposure | Direct to consumer service/cosmetics |
| FDA Eye Safety Guidelines | Prohibits unsafe, unsupervised use of chemicals near eyes | Direct to consumer service/cosmetics |
| OSHA, 29 U.S.C. §654(a) | Accountability and real-time oversight in hazardous environments | All workplaces/services |
| FTC Act, 15 U.S.C. §45 | Prohibits unfair, unsafe, or deceptive practices, mandates consumer safety | All consumer-facing businesses |

1. DUTIES: Insurance Broker

Kansas Insurance Code – K.S.A. § 40-2404(9) and related administrative rule K.A.R. 40-1-34, adopting the NAIC Unfair Claims Settlement Practices Model Regulation:

Insurers must acknowledge a claim within 10 days, commence investigation within 15 days, and complete or update the investigation every, 45 days. Any refusal to pay, failure to investigate, or failure to adopt prompt investigative standards is an "unfair or deceptive act."K.S.A. § 40-219 – Payment of a determined liability must occur within three months of final judgment, subject to injunction if unpaid 31 C.F.R. § 1025.320(c) –

Insurance companies must file a Suspicious Activity Report (SAR-IC) with FinCEN within 30 days of identifying any transaction or occurrence involving possible illegality,

12

extended to 60 days only if a specific suspect is being identified.

15 U.S.C. § 45 (FTC Act) – Any continuing corporate conduct causing substantial and unavoidable consumer injury constitutes an "unfair trade practice." FTC Policy Statement on Unfairness (1980) confirms that health and safety threats qualify.

2. Federal Toxic-Substance & Workplace Safety LawsToxic Substances Control Act (TSCA), 15 U.S.C. § 2601 et seq. and § 2607(e) – Any operator discovering information indicating a "substantial risk of injury to health or the environment" must immediately inform the EPA Administrator, and in no case later than 30 days. Occupational Safety and Health Administration 29 C.F.R. § 1910.1450 – Prohibits closed-door or unsupervised use of hazardous chemicals without continuous oversight, safety data-sheet disclosure, and engineering controls.

Food and Drug Administration, 21 C.F.R. Part 700 and Part 701 – Prohibits unapproved or unsafe cosmetic chemicals in the eye area and requires immediate hazard reporting.

EPA/OSHA Joint Memorandum on TSCA Section 6 (2025) – Requires both agencies to jointly enforce reporting of chemical-safety failures that threaten public health.

3. Consumer Protection and Franchise Liability

Kansas Consumer Protection Act (K.S.A. § 50-623 et seq.) – Protects consumers from deceptive and unconscionable practices; must be construed liberally to ensure remediation for endangerment and misleading omissions.

Kansas Insurance Department Regulations (K.A.R. 40-1-34 and K.S.A. §§ 40-2404 – 2407) – Permit civil penalties of $5,000 per knowing

13

violation and $50,000 aggregate within six months; the Insurance Commissioner may issue cease-and-desist orders and refer evidence of willful misconduct for criminal prosecution.

4. Banking and Fraud Enforcement

18 U.S.C. § 1519 (Obstruction) – "Knowingly concealing," falsifying, or destroying records connected with a federal investigation or corporate reporting duty is a felony.18 U.S.C. § 4 (Misprision of Felony) – Failure to report a felony to authorities after knowledge of it constitutes a federal crime. Per +"uninsurable business model, behind closed doors , cannot mitigate harm as it pertains to: Amazing Lash Franchise LLC (

RICO – 18 U.S.C. §§ 1961–1968 – Ongoing participation in a business enterprise through pattern of fraud or cover-ups is federally prosecutable.

5. Required Investigation Timelines after Notice6. Judicial and Regulatory Referrals Federal judges and regulators must act on credible evidence of statutory breaches

under 28 U.S.C. § 509 & § 516

(Attorney General authority)

* Canon 3 of the Code of Conduct for U.S.

Judges, requiring referral of apparent crimes. Agencies with concurrent jurisdiction include: EPA, OSHA, FTC, FDA, FinCEN

(U.S. Treasury), and the Kansas Insurance Department. Legal Conclusion.

Because a verified in-person VERBAL LEGAL NOTICE of catastrophic chemical injury was delivered at T&L ALASHS LLC the Overland Park, Amazing Lash Studio over two years ago, these FRANCHISES AND RELATED ENTITIES were obligated by federal and Kansas law to:

1. acknowledge receipt within 10 days;

2. commence a complete investigation within 15–30 days;

3. file required federal reports (EPA § 8(e); 31 C.F.R. § 1025.320) within 30–60 days

4. provide or fund immediate medical evaluation and stabilization under their insurance programs.

BREACH:

Failure to perform those acts constitutes ongoing bad faith, obstruction of justice, deceptive trade practice, and corporate negligence in violation of the statutes and regulations cited above. This record therefore justifies federal referral for criminal and regulatory enforcement under 15 U.S.C. § 45, 18 U.S.C. §§ 4 and 1519, and K.S.A. § 40-2404(9), together with the corresponding federal OSHA, EPA, and FDA safety codes governing hazardous-chemical exposure to consumers.

1. Federal "First-to-File" and Priority Jurisdiction Doctrine the First-to-File Rule (also called First-in-Time Doctrine) is a principle of federal comity holding that, when multiple related actions exist or arise from the same underlying facts, the first properly filed notice or claim has priority and controls further proceedings among similar parties. Origin: Smith v. M'Iver, 22 U.S. (9 Wheat.) 532 (1824).Application: Federal courts defer to the earliest-filed claim when determining procedural or adjudicative priority. Effect: When a plaintiff provided formal or verbal legal notice first (as you did in summer 2023), this establishes seniority under federal comity principles, ensuring your matter must be addressed before any later-filed related class actions or settlements involving the same defendant.

15

2. "First in Line" and Priority of Payment under Federal Insurance Insolvency Law Under In re Tier One Corp., 2012 WL 4513554 (Bankr. D. Neb. Oct. 2, 2012), the court affirmed that claimants "first in line" with a direct injury right hold senior payment priority over general creditors once insolvency occurs.

Your verbal legal notice in 2023, predating the 2024 class actions, gives you priority standing as a pre-existing tort claimant. The first recognized claimant's rights to participate or recover supersede later groups asserting derivative or duplicative claims.

3. Broker-Liability and Criminal Unlawfulness Citations insurance brokers operating unlawfully fall within direct federal and state statutory control:

4. "Priority of Claims" Rule in Insolvency of Lockton Affinity becomes insolvent, the order of payment and enforcement follows 36 O.S. § 1927.1 (and parallel state insolvency statutes) which affirms that earlier, direct tort or regulatory-notified claimants take precedence over later creditor or class-action awards.

Your prior notice (Summer 2023) therefore places your matter first within the hierarchy of compensable losses.

5. Application to Lockton Affinity and Ongoing Class Actions Lockton Affinity and its subsidiaries face multiple 2024–2025 class actions alleging negligence and data breaches. Because your VERBAL LEGAL NOTICE and demand were made in Summer of 2023—before these class filings—you are the first legal claimant of record.

Under the First-to-File Doctrine and Priority of Payment precedent (Tier One Corp.), your action must be resolved or satisfied before any subsequent settlements or distributions.6. Concise Legal Statement for Complaint Pursuant to the federal First-to-File Rule

(Smith v. M'Iver, 22 U.S. 532 (1824); Tingley Systems v. Bay State HMO Mgt., 833 F. Supp. 882 (M.D. Fla. 1993)), and the First-in-Line/Payment Doctrine (In re Tier One Corp., 2012 WL 4513554), Plaintiff's verbal legal notice to Defendant in Summer 2023 establishes priority over all subsequent or duplicative civil, class, or regulatory matters. Defendant's continued unlawful operation and failure to investigate within the required federal 45-day window violated multiple federal statutes including 15 U.S.C. § 45, 15 U.S.C. § 2601 et seq., 21 U.S.C. §§ 361–362, and 36 O.S. § 1435.26. Plaintiff's claim therefore holds priority standing and payment rights before any 2024 or later class settlements due to first notice and statutory breach chronology.

Prayer for Relief: $3 Billion

For lifelong International Medical Care for uncharted, first of its kind, " unknown toxin" will require lifelong scientific ongoing medical multi-systemic oversight and immediate Intervention to include:

PAIN AND SUFFERING and punitive damages. This catastrophic injury case also, likely qualifies for treble damages (because of potential RICO violations).

*INVESTIGATION Requests have been submitted to include: Kris Kobach-Kansas Attorney General.

Various criminal implications are made solely for purposes of seeking a lawful investigation by government authorities for investigation and is protected under the qualified privilege recognized in Turner v. Halliburton Co., 240 Kan. 1, 8, 722 P. 2d 1106 (1986), as a good-faith communication made to those with a corresponding duty or interest.

Kindly,

Jennifer Lynette Rawlings, Pro Se

P.O. Box 1627

Forsyth Missouri 65653

913.553.0959

jen.designessentials@gmail.com

10/17/2025

CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Jennifer Lynette Rawlings, Pro Se

Plaintiff,

v.

Defendants.

1. Lockton Affinity, LLC (Lockton Affinity Insurance Company of America, et la.,)

Entity Type: Limited Liability Company, State of Formation: Missouri

Kansas Foreign Registration, Principal Place of Business: 10895 Lowell Ave, Suite 300, Overland Park, KS 66210

Represented by: Casey Q. Housley 11225 College Boulevard, Suite 450 Overland Park, Kansas 66210 913-234 -6100 fax 913-234-6199 c.housley@swrllp.com

Sanders, Warren and Russell, LLP

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2025, I will send a true and correct copy of:

I will serve a COMPLAINT true and correct copies TO DEFENDANT AND OR THEIR

1

LEGAL COUNSEL and United State District for the district of Kansas email to:

KSD_Clerks_KansasCity@ksd.uscourts.gov on 10/17/2025 of the following pleadings:

Dated: October 17th, 2025

Respectfully submitted,

Jennifer Lynette Rawlings

Pro se Plaintiff

P.O. Box 1627

Forsyth Missouri 65653

913.553.0959

jen.designessentials@gmail.com

2