**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JENNIFER LYNETTE RAWLINGS,

       *Plaintiff,*

v.                                                                                   Case No. 25-2602-EFM-ADM

LOCKTON AFFINITY, LLC et al.,

       *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court are four motions. Two are brought by pro se Plaintiff Jennifer Lynette Rawlings and the others are brought by Defendants Lockton Affinity and thirteen companies sharing the Lockton name ("Lockton Companies").[1] Plaintiff filed this suit alleging various negligence and conspiracy claims against Defendants. Plaintiff filed a Motion for Leave to Proceed in forma pauperis (Doc. 16) and a Motion for Order requesting the initiation of civil and criminal investigations by federal and state agencies into Defendants' actions (Doc. 21). Defendants filed a Motion to Dismiss Plaintiff's Corrected Second Amended Complaint, citing Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8(a)(2) (Doc. 35).[2] For the reasons stated herein, the Court denies Plaintiff's Motions and grants in part and denies in part Defendants' Motion to Dismiss.

---

[1] These other companies are: Lockton Companies, LLC Pacific Series; Northeast Series of Lockton Companies, LLC; Lockton Financial Advisors, LLC; Lockton Investment Advisors, LLC; Lockton Insurance Brokers Dubai Ltd; Lockton Companies Global LLP; Lockton Companies Australia Pty Ltd; Lockton Companies Singapore Pte Ltd; Lockton Companies (China) Ltd; Lockton Mexico S.A. de C.V.; Lockton Companies Brazil Ltda.; Lockton Iberia S.A.; and Southeast Series of Lockton Companies, LLC.

[2] Defendants also previously filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) citing the same rules. Because Plaintiff subsequently filed a Corrected Second Amended Complaint, Defendants' first Motion to Dismiss is moot. Thus, the Court only addresses Defendants' second Motion to Dismiss in this Order.

## I.    Factual and Procedural Background[3]

On February 6, 2023, during an eyelash extension service in Overland Park, Kansas, chemicals entered Plaintiff's eyes. Plaintiff suffered severe and permanent injury from her exposure to these chemicals. In a previous suit—*Rawlings I*—Plaintiff brought claims against numerous defendants, including the eyelash extension studio, the eyelash extension franchise, and the franchise's insurer, Lockton Affinity. This Court dismissed Lockton Affinity from that previous suit because Plaintiff's claim against Lockton Affinity was unripe.[4]

Plaintiff filed the present suit against Lockton Affinity and the Lockton Companies, asserting several claims arising out of her injuries at the eyelash extension studio. In this suit, Plaintiff brings a "Negligence/Professional Negligence" claim in Count I; a "Negligent Misrepresentation/Deceptive Practices" claim in Count II; a  "Civil RICO (18 U.S.C. §1962(c), (d)" claim in Count III; and a "Civil Conspiracy/Aiding and Abetting" claim in Count IV.

## II.    Legal Standard

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5] A pro se litigant is entitled to a liberal construction of her pleadings.[6] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal

---

[3] The facts are taken from Plaintiff's Corrected Second Amended Complaint and are considered true for purposes of this Order.

[4] *Rawlings v. Well Biz Brands* (*Rawlings I*), 2025 WL 2549376, at *2 (D. Kan. Sep. 4, 2025).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[7] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[8] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[9] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[11] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[12] The party asserting jurisdiction bears the burden of establishing its existence.[13] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[14] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[15]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[16] Upon such motion, the court

---

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] Fed. R. Civ. P. 12(b)(1).

[12] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[13] *Id.*

[14] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[15] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

[16] Fed. R. Civ. P. 12(b)(6).

must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[17] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[18] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[19] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[20]

### III.    Analysis

### A.    Plaintiff's Motions

Plaintiff first filed a Motion to Proceed in forma pauperis. Magistrate Judge Angel D. Mitchell filed a Report and Recommendation recommending the Court deny Plaintiff's motion to proceed in forma pauperis.[21] Plaintiff subsequently paid the filing fee. Because she paid the filing fee, her request to proceed in forma pauperis is moot.

Plaintiff next filed a Motion for Order which largely repeats the claims in her Complaint. Her Motion demands the "[i]mmediate initiation of federal and state criminal and civil investigations."[22] Further, she requests "[s]uspension and permanent revocation of all complicit licenses and permits," "restitution to all victims," the "[c]riminal prosecution and professional

---

[17] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[19] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[20] *Iqbal*, 556 U.S. at 678–79.

[21] Doc. 19.

[22] Doc. 21 at 2.

disbarment for all counsel and executives aiding or abetting [the] enterprise," and to freeze Defendants' assets.[23] This is not the first time Plaintiff has made such demands. In *Rawlings I*, Plaintiff filed several similar motions, and the Court denied them.[24] As it did there, the Court finds that Plaintiff fails to make factual assertions or legal arguments upon which the Court can grant her the requested relief.[25] Further, the Court has no authority to initiate or order the initiation of investigations or prosecutions.[26] Accordingly, Plaintiff's Motion for Order is denied.

**B.      Defendants' Motion to Dismiss**

Defendants present three bases in support of their Motion to Dismiss. First, they argue that Plaintiff's claims are barred by the doctrine of claim preclusion. Second, they argue that Plaintiff's claims are barred by the statute of limitations. Finally, they argue that Plaintiff does not provide a short and plain statement of her claims as required by Rule 8. The Court will address each argument in turn.

*1.      Claim Preclusion*

Defendants invoke Rule 12(b)(1) in arguing that the doctrine of claim preclusion bars Plaintiff's current suit because this Court dismissed Lockton Affinity from *Rawlings I*. Further, they argue that the previous dismissal was with prejudice and constituted a final judgment on the merits. "Claim preclusion bars a party from relitigating a claim or cause of action on which final

---

[23] *Id.*

[24] *Rawlings I*, 2025 WL 2549376, at *1.

[25] *See id.*

[26] *See*, *e.g., Hayford v. Fed. Bureau of Prisons*, 2023 WL 3433962, at *6 (D. Kan. May 12, 2023) (collecting cases showing that courts lack the authority to order criminal investigations).

judgment has been rendered."[27] But, as explained below, the Court's previous dismissal of Lockton Affinity was neither with prejudice nor constituted a final judgment on the merits.

The Court's interpretation of Plaintiff's claim against Lockton Affinity in *Rawlings I* is important to understand in addressing Defendants' argument. The only discernible claim from the operative complaint[28] in *Rawlings I* at the time the Court granted Lockton Affinity's motion to dismiss read:

> B. Potential Insurance Concealment.
> Lockton Affinity:
> Exclusive insurer per franchise agreement § 4.5.
> If they Deny coverage despite policy obligations, Court should request investigations in the Call logs).

The Court interpreted this to mean that Plaintiff anticipated Lockton Affinity's insured was liable for damages owed to Plaintiff, that Lockton Affinity was obligated to cover those damages pursuant to some policy, and that Plaintiff anticipated Lockton Affinity would deny coverage.[29] Recognizing that—under this interpretation—Lockton Affinity's potential liability was contingent upon (1) Plaintiff winning an award against Lockton Affinity's insured and (2) Lockton Affinity's denial of coverage under a relevant policy, the Court determined that Plaintiff's claim against Lockton Affinity rested upon contingent future events and therefore was unripe.[30]

---

[27] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

[28] In her Response to the present Motion to Dismiss, Plaintiff argues that the Court should have considered a document she attempted to file as her "Sixth Amended Complaint" as the operative Complaint. However, at the time the Court issued its ruling on Lockton Affinity's motion to dismiss in *Rawlings I* (on September 4, 2025), Plaintiff had not successfully filed the document she references. On August 22, 2025, Plaintiff had been granted leave to file a proposed amended complaint within five days of that order. Instead of doing so, Plaintiff filed a motion to compel discovery. After more than five days elapsed, having not received an amended complaint, the Court issued its order granting Lockton Affinity's motion to dismiss based upon the operative complaint, which was Plaintiff's amended complaint, filed on May 21, 2025.

[29] *Rawlings I*, 2025 WL 2549376, at *2.

[30] *Id.*

Defendants assert that the Court's dismissal of Plaintiff's claims against Lockton Affinity was with prejudice. Admittedly, Lockton Affinity did request that the Court dismiss Plaintiff's claims with prejudice in *Rawlings I*. And the Court granted Lockton Affinity's motion without specifying whether the dismissal was with or without prejudice. But "[r]ipeness is a jurisdictional issue."[31] And Federal Rule Civil Procedure 41(b) instructs that dismissals for lack of jurisdiction are not adjudications on the merits.[32] Further, a longstanding line of cases from the Tenth Circuit "holds that where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice."[33] Accordingly, the Court should have clarified that its dismissal of Lockton Affinity from *Rawlings I* was without prejudice.

Defendants also assert that Lockton Affinity's dismissal from *Rawlings I* constituted a final judgment on the merits. First, it's worth noting that—in both the present suit and *Rawlings I*—Plaintiff has significantly refined her claims. She asserts that her present suit is not based upon "an attempt to collect insurance policy benefits" (as the Court understood her claim to be in *Rawlings I*) but rather "independent causes of action" aimed at Defendants directly. Indeed, her claims are more robust and different than the claim presented in *Rawlings I*. Further, even if her present claims were to be construed as contained within Plaintiff's *Rawlings I* claim against Lockton Affinity, the Court's dismissal for unripeness does not constitute a final judgment on the merits.

Because the Court's dismissal of Lockton Affinity from *Rawlings I* was without prejudice and did not constitute a final judgment on the merits, Plaintiff's present suit against Defendants is not barred by the doctrine of claim preclusion.

---

[31] *Park Lake*, 378 F.3d at 1135.

[32] *See* Fed. R. Civ. P. 41(b) (instructing that an involuntary dismissal "except one for lack of jurisdiction . . . operates as an adjudication on the merits").

[33] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

2.    *Statute of Limitations*

Defendants next argue that Plaintiff's claims are barred by the statute of limitations. Plaintiff filed this suit on October 17, 2025. It appears the parties agree that the date Plaintiff's claims accrued was February 6, 2023. The Court will first address the statute of limitations as it relates to Counts I, II, and IV and then turn to Count III.

a.    Counts I, II, and IV

Plaintiff's Counts I and II are state-law negligence claims and subject to a two-year statute of limitations.[34] Because the underlying tort in Plaintiff's Count IV Civil Conspiracy claim appears to be based upon a personal injury negligence theory, this claim is also subject to a two year statute of limitations.[35] In addition, because Plaintiff named Lockton Affinity as a defendant in *Rawlings I*, but not the Lockton Companies, the Court must distinguish between Lockton Affinity and the Lockton Companies to address the statute of limitations arguments.

Lockton Affinity does not appear to argue that the statute of limitations bars Counts I, II, and IV against it. And indeed, Plaintiff's claims against Lockton Affinity are not barred by the statute of limitations because Kansas's savings statute allows a plaintiff to refile suit within six months of a previous action that failed "otherwise than upon the merits" notwithstanding the statute of limitations.[36] Here, Plaintiff filed this suit within six months of the Court's dismissal of her claims on unripeness grounds in *Rawlings I*. As such, her claims against Lockton Affinity are not time-barred.

---

[34] K.S.A. 60-513(a)(4).

[35] *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, 2008 WL 508908, at *3 (D. Kan. Feb. 21, 2008) (citing *Meyer Land & Cattle Co. v. Lincoln Cnty. Conservation Dist.*, 29 Kan. App. 2d 746, 31 P.3d 970, 976 (2001)).

[36] K.S.A. 60-518.

The Lockton Companies assert that Plaintiff's claims against them are barred by the statute of limitations because they were not named in *Rawlings I*, and Plaintiff filed suit against them more than two years after her claims accrued. Plaintiff responds by citing Federal Rule of Civil Procedure 15(c), which provides that an amended pleading—even one to add a new party under certain conditions—may relate back to the date of the originally filed pleading. [37] She argues that this rule allows her present claims to relate back to her claims in *Rawlings I* because the Lockton Companies "knew or should have known of the action would have been brought against [them]."[38] But Rule 15 applies to amended pleadings in a single suit—it does not apply to a new suit.[39] As such, her claims in this suit against the Lockton Companies do not properly relate back to the claims she made in *Rawlings I*. Because Plaintiff filed her present suit on October 17, 2025, more than two years after the date of accrual on February 6, 2023, her negligence claims and civil conspiracy claim against the Lockton Companies are barred by the statute of limitations.

        b.      Count III

Plaintiff's civil RICO claim in Count III is subject to a four-year statute of limitations.[40] Because Plaintiff filed this suit within four years of February 6, 2023, her civil RICO claim against all Defendants is not barred by the statute of limitations.

---

[37] *See* Fed. R. Civ. P. 15(c).

[38] Fed. R. Civ. P. 15(c)(1)(C)(ii).

[39] *Dixon v. United States*, 185 F.3d 873 (Table), 1999 WL 387188, at *1 (10th Cir. 1999) ("Because this suit was filed as a separate claim and not as an amendment or any kind of supplementary pleading, it cannot relate back to the previously filed claim." (citing *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994))).

[40] *Rotella v. Wood*, 528 U.S. 549, 552 (2000) (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987)).

### 3.    Federal Rule of Civil Procedure 8

Finally, Defendants argue that Plaintiff's Corrected Second Amended Complaint does not provide a short and plain statement of her claims as required by Rule 8. This rule requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[41]

As mentioned above, Plaintiff has significantly refined her claims since she filed her first suit in *Rawlings I*. Her Corrected Second Amended Complaint "isn't difficult to follow."[42] Although not a model complaint, Plaintiff includes a factual recitation describing her theory for Defendants' liability, followed by four neatly delineated and easily identifiable claims. Even if the Court were not required to liberally construe her pleadings, her Corrected Second Amended Complaint does not violate Rule 8.

In sum, Counts I, II, and IV against the Lockton Companies are barred by the statute of limitations and are dismissed with prejudice;[43] Counts I, II, and IV as brought against Lockton Affinity are not. Defendants' other arguments do not warrant dismissing Count III against any of Defendants.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 16) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Order (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss (Doc. 17) is **DENIED as moot**.

---

[41] Fed. R. Civ. P. 8(a)(2).

[42] *Meyer v. City of Marion*, 776 F. Supp. 3d 991, 1016 (D. Kan. 2025).

[43] *Howard v. Farmers Ins. Co., Inc.*, 2019 WL 3302310, at *6 (D. Kan. July 23, 2019) (citing *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 744 F. Supp. 2d 1178, 1187–88 (D. Kan. 2010) for the proposition that under Kansas law dismissal based upon the statute of limitations operates as an adjudication on the merits and warrants dismissal with prejudice).

-11-

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 35) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED**.

Dated this 25th day of March 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE