## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER LYNETTE RAWLINGS,

        *Plaintiff,*

v.

LOCKTON AFFINITY, LLC et al.,

        *Defendants.*

Case No. 25-2602-EFM-ADM

## MEMORANDUM AND ORDER

Before the Court are several motions in pro se Plaintiff Jennifer Lynette Rawlings's suit against Defendants Lockton Affinity, LLC; Lockton Companies, LLC; and Southeast Series of Lockton Companies, LLC. She brings this suit based upon injuries she suffered during an eyelash extension appointment in Overland Park, Kansas. Most significantly, Defendants move to dismiss Plaintiff's claims for failing to state claims upon which relief can be granted (Doc. 74). For the reasons stated herein, the Court grants Defendants' Motion to Dismiss and denies the remaining motions (Docs. 63, 65, 85, and 88).

### I.    Factual and Procedural Background[1]

On February 3, 2023, Plaintiff received a set of eyelash extensions at an Amazing Lash Studio in Overland Park, Kansas. She went in again on February 6, 2023, for a touch-up appointment. At this appointment, the technician removed and replaced Plaintiff's eyelash extensions. In doing so, she applied a large quantity of a chemical substance which entered

---

[1] The facts are taken from Plaintiff's Third Amended Complaint and are considered true for purposes of this Order.

Plaintiff's eyes. Plaintiff has since suffered significant injury requiring long-term treatment due to the chemical exposure to her eyes.

Plaintiff seeks to hold Defendants liable for her injuries. She alleges that they are responsible through their role in insuring the Amazing Lash Franchise. Plaintiff identifies Lockton Affinity as the "preferred broker" for the Amazing Lash insurance program; Lockton Companies as a participant in the "insurance placement" for Amazing Lash; and Southeast Series of Lockton Companies as a participant in several aspects of Amazing Lash's insurance program.

Plaintiff filed the present suit against Defendants after the Court dismissed Lockton Affinity from Plaintiff's other suit against the studio, the franchise, and its insurer.[2] In this and her other suit, Plaintiff has been granted leave to amend her complaint multiple times, culminating in her present Third Amended Complaint comprised of four claims. In Count I, Plaintiff brings a negligence claim against Defendants. In Count II she brings a negligent misrepresentation claim against Defendants. She brings a civil RICO claim against Defendants in Count III. Finally, in Count IV, Plaintiff alleges that Defendants violated Kansas's Consumer Protection Act ("KCPA") through deceptive and unfair practices.

Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint on May 7, 2026. The matter is fully briefed and ripe for the Court's ruling.

---

[2] *See Rawlings v. Amazing Lash Studio Franchise, LLC*, 2025 WL 2549376, at *2 (D. Kan. Sep. 4, 2025).

## II.    Legal Standard

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[3] A pro se litigant is entitled to a liberal construction of his pleadings.[4] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[5] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[6] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[7] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[9] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[10] A claim is facially plausible if the plaintiff pleads facts

---

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Iqbal*, 556 U.S. at 678 (2009).

sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[11] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[12] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[13] But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]

### III.    Analysis

### A.    Counts I & II

In its March 25, 2026, Order, the Court dismissed Plaintiff's Counts I, II, and IV as barred by the statute of limitations.[15] Plaintiff subsequently filed an unopposed motion for leave to amend her complaint, which the Court granted.[16] Plaintiff filed her Third Amended Complaint on April 23, 2026. Her present Counts I and II are the same as her Counts I and II previously dismissed by the Court.

Defendants move to dismiss Counts I and II as barred by the statute of limitations, as they did when the Court previously dismissed these claims on those grounds. Plaintiff's Third Amended Complaint does not remedy the fact that she did not bring Counts I and II against these Defendants

---

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[12] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[13] *Iqbal*, 556 U.S. at 678–79.

[14] *Id.* at 663.

[15] *Rawlings v. Lockton Affinity, LLC*, 2026 WL 820389, *4 (D. Kan. Mar. 25, 2026); Doc. 58 at 8–9.

[16] Doc. 67.

in this suit within two years of February 6, 2023.[17] Accordingly, the Court again dismisses Counts I and II.

**B.    Count III**

Plaintiff's Count III is a civil RICO claim alleging that Defendants conspired and engaged in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c)–(d). She alleges that Defendants did so through wire and mail fraud. Defendants move to dismiss this claim by invoking Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[18] "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[19]

Defendants argue Plaintiff's complaint is devoid of particulars that would put them on notice of the time, place, and contents of the allegedly false representations supporting Plaintiff's claim. They assert that Plaintiff does not identify a particular communication, time, or circumstance of any allegedly fraudulent statement. Rather, they contend that she relies on broad generalities.

Plaintiff responds that her Third Amended Complaint satisfies Rule 9(b). She rehashes her allegations that Defendants, in conjunction with the Amazing Lash Franchise and other unnamed entities, "formed an association in-fact enterprise to roll out a lash-only, closed door lash suite model nationwide; that they used interstate mail and wire communications including franchise

---

[17] *Allen v. Env't Restoration, LLC*, 32 F.4th 1239, 1245 (10th Cir. 2022) ("[A] federal court sitting in diversity applies state law for statute of limitations purposes." (quotation marks and citation omitted)); K.S.A. 60-513(a)(4) (Kansas's two-year statute of limitations).

[18] Fed. R. Civ. P. 9(b).

[19] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citation omitted).

documents, program marketing, membership and billing systems, broker and underwriting communications, electronic claims, and recurring auto-drafts-to promote, finance, and operate this model; that they misrepresented or omitted material facts about safety, chemical emissions, structural oversight, and actuarial insurability in violation of K.S.A. 50-626, KS.A. 40-2404, and federal mail/wire-fraud statutes (18 U.S.C. §§ 1341, 1343); that they continued recurring electronic drafts and mailed/emailed statements to consumers under these materially incomplete disclosures." Plaintiff argues that these facts "provide a general time frame" from "2018 onward" that establishes the nature of the fraudulent scheme. She posits that this is sufficient to satisfy the heightened pleading standard of Rule 9(b). Further, she contends that discovery will help her develop the allegations with more detail.

However, Plaintiff's general and conclusory allegations do not provide Defendants with any particulars. At best, Plaintiff alleges that practically every electronic communication between Defendants and the Amazing Lash Franchise over a five-year timeframe amounted to a fraudulent scheme. Such broad statements are insufficient to satisfy the strictures of Rule 9(b). Accordingly, the Court dismisses Count III for failing to state a claim upon which relief can be granted.

## C.    Count IV

As with Counts I and II, Defendants assert Plaintiff's Count IV was previously dismissed and is barred by the statute of limitations. However, Plaintiff did not bring a KCPA violation claim in her previous complaint, which is the basis for her present Count IV. The applicable statute of limitations for a KCPA claim is three years.[20] As such, Defendants argument that Plaintiff's Count IV was previously dismissed and subject to the statute of limitations fails.

---

[20] *Beltz v. Dings*, 27 Kan. App. 2d 507, 6 P.3d 424, 428 (2000).

Plaintiff, however, still fails to state a claim under the KCPA. Plaintiff alleges Defendants violated the KCPA through deceptive practices and unconscionable acts by "supporting a system that exposed consumers to hidden catastrophic risk while depriving them of information necessary to protect their interests." Plaintiff's Third Amended Complaint makes clear that Defendants are responsible for her injury through their role of insuring the Amazing Lash Franchise and the studio at which she was injured.

"To prevail on a KCPA claim, a plaintiff must prove: '(1) plaintiffs were consumers under the KCPA, (2) defendants were suppliers under the KCPA, (3) defendants engaged in a deceptive or unconscionable act or practice in violation of K.S.A. § 50-626 or K.S.A. § 50-627, and (4) plaintiffs were 'aggrieved' by such act.'"[21]

Defendants move to dismiss this claim by asserting the KCPA is inapplicable because there was no consumer relationship between Defendants and Plaintiff. Further, Defendants assert the KCPA explicitly excludes insurance contracts from the definition of a "consumer transaction." Indeed, the KCPA excludes insurance contracts from the definition of a consumer transaction.[22] In her response, Plaintiff acknowledges that her claim is "directed at the lash services she purchased in Kansas and at the deceptive way those services were structured, marketed, and delivered." But she does not explain how this overcomes Defendants' contention that there was no consumer relationship between Defendants and her. Nor does it explain how her claims against these insurance-providing Defendants are not precluded by the KCPA's exclusion of insurance contracts from the definition consumer transactions. Because Plaintiff has not alleged facts that

---

[21] *Hernandez v. Pistotnik*, 58 Kan. App. 2d 501, 472 P.3d 110, 116 (2020) (citation, internal quotation marks and alterations omitted).

[22] *See* K.S.A. 50-624(c).

support an inference that there was a consumer transaction between her and Defendants, Plaintiff fails to state a claim under the KCPA.

**D. Other Pending Motions**

There are several other pending motions in this case. The Court will summarily address each. Two motions were mooted by Plaintiff's Third Amended Complaint. They are Defendant's Motion to Dismiss (Doc. 63) and Plaintiff's Motion for Leave to File Corrected Response to Motion to Dismiss (Doc. 65). The Court denies these motions as moot.

Plaintiff filed a Motion for Leave to file Limited Sur-Reply regarding Defendants' Motion to Dismiss her Third Amended Complaint (Doc. 85). The Court denies this motion because Defendants' Reply does not contain any matters to which sur-reply is warranted.

Finally, Plaintiff filed a Motion for Leave to File Exhibit A (Doc. 88). Because the Court has dismissed all claims against Defendants, this motion is denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 63) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Corrected Response to Motion to Dismiss (Doc. 65) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Limited Sur-Reply (Doc. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss with Prejudice (Doc. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Exhibit A (Doc. 88) is **DENIED as moot**.

-9-

**IT IS SO ORDERED**.

Dated this 7th day of August, 2026.

This case is closed.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE